# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3516-18T2

D.L.,

    Plaintiff-Respondent,

v.

V.M.,

    Defendant-Appellant.

_____

Argued telephonically March 30, 2020 –
Decided April 30, 2020

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FV-03-0821-19.

Nicole E. Wise argued the cause for appellant.

Mark William Catanzaro argued the cause for respondent.

PER CURIAM

Defendant V.M.[1] appeals from a March 6, 2019 final restraining order (FRO) granted to plaintiff D.L. pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Defendant argues there was insufficient evidence to support the trial judge's findings that he committed the predicate acts of harassment and criminal trespass or that plaintiff was in need of a FRO. We disagree with defendant's contentions and affirm.

The record from the FRO proceeding established the following facts. Plaintiff and defendant had an on-and-off again romantic relationship for over nine years. At one point, defendant moved into plaintiff's residence and lived there until November 3, 2018, when he left with his belongings and left his key to the residence behind. Numerous arguments later ensued.

After plaintiff told defendant that she did not want to continue their relationship, she further advised him that she did not want to communicate with him at approximately 12:15 a.m. on November 4, 2018. Within minutes, defendant returned to her home without permission at 1:02 a.m., continued to reach out to plaintiff by text message, subsequently entered her home without permission, and threatened to purchase the home next to hers.

---

[1] We refer to the parties by initials to protect their privacy. R. 1:38-3(d)(10).

Thereafter, on November 12, 2018, a municipal court complaint was filed by police against defendant for harassment, N.J.S.A. 2C:33-4. Plaintiff applied for and was denied a temporary restraining order (TRO) by a municipal court judge. On November 15, 2018, plaintiff went to Superior Court and was granted a TRO order against defendant based on alleged predicate acts of harassment and criminal trespass, N.J.S.A. 2C:18-3.

Following several postponements, the judge conducted a final hearing over two non-consecutive days. Only the parties testified. Voluminous text messages were admitted into evidence. At the conclusion of plaintiff's testimony, defendant moved to dismiss the complaint. The judge afforded all favorable inferences to plaintiff's testimony and denied the motion. Following defendant's testimony, the judge issued an oral decision granting a FRO to plaintiff. He issued a supplemental May 1, 2019 written decision.

The judge "considered the appearance and demeanor of both parties in assessing credibility." He found plaintiff maintained good eye contact and gave prompt answers in an even tone. Her testimony was detailed without embellishment and internally consistent. Ultimately, the judge found plaintiff "inherently believable."

A-3516-18T2

The judge reached a different conclusion regarding defendant's testimony. The judge found defendant did not have an even tone, good demeanor, or accurate recollection. Defendant's testimony included "apparent contradictions," "poor answers," and "was not credible based on his failure to answer questions and elusive answers." The judge labeled defendant's testimony "actually unbelievable."

The judge further found:

> The defendant failed to reason, recollect, and relate his experiences, while the plaintiff had an excellent recollection of the facts. The defendant's testimony was undermined by the evidence while the plaintiff's testimony was supported. The [c]ourt found that the defendant had made contradictory statements and unreasonable statements. The plaintiff's testimony was reasonable and fully supported by the evidence. The defendant was attempting to deceive the [c]ourt in his testimony concerning the purchase of the home next door and his telephone call from the Burlington County Jail.

The judge reviewed the text messages exchanged by the parties. The judge found plaintiff sent text messages to defendant "indicating her intention to no longer communicate with the defendant and requesting that the defendant leave her alone." Plaintiff made such request six times. The judge found plaintiff sent defendant multiple text messages that "clearly stated that she wanted to be left alone and did not want to communicate with the defendant."

4

These text messages demonstrated "the desire of the plaintiff to be left alone. The defendant ignored these messages and continued to text the plaintiff." The judge concluded that defendant continued to text plaintiff "because he intended to harass her," and "acted with a purpose to harass."

The judge also considered defendant's text message that stated he would go to plaintiff's residence the next day to help her move furniture. Despite being told by plaintiff "to not come to her home," defendant went there anyway "and entered the home without knocking," constituting the predicate act of criminal trespass. The judge further concluded it also constituted harassment because it was done "with the purpose to annoy or alarm the plaintiff."

The judge found defendant's harassment of plaintiff continued when he "contacted the plaintiff and told her that he intended to purchase the home next door to the plaintiff's residence." The same day, defendant moved plaintiff's trash cans from the curb to the rear of her house. The judge concluded these additional actions were undertaken "with the intent to harass the plaintiff," by "remind[ing] her that she was not safe in her home and that the defendant [could] come to her home and do as he pleases."

Thereafter, defendant, while incarcerated at the Burlington County Jail, called plaintiff "to get the plaintiff to drop the charges."[2] The judge determined that this "showed that the defendant will continue to abuse the plaintiff if a [FRO] is not entered against him."

The judge determined that the totality of the circumstances demonstrated by a preponderance of the evidence that the first and second prongs of Silver[3] were met because "the predicate acts were proven," and "a [FRO] was necessary to stop the defendant from continuing to abuse the plaintiff." This appeal followed.

Defendant raises the following points for our consideration:

> II. THE COURT ERRED IN FINDING A PREDICATE ACT OF DOMESTIC VIOLENCE OCCURRED.
>
> A. The Defendant Did Not Commit a Predicate Act of Harassment.
>
> B. The Defendant Did Not Commit a Predicate Act of Trespassing.

---

[2] On November 12, 2018, a complaint was filed against defendant charging with harassing plaintiff in violation of N.J.S.A. 2C:33-4(a). Defendant was lodged in jail in lieu of $1000 bail. The complaint contained special conditions of release, including "no phone, mail or other personal contact [with] victim."

[3] Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006).

A-3516-18T2

III. THE COURT ERRED IN FINDING THE PLAINTIFF WAS IN NEED OF PROTECTION FROM THE DEFENDANT.

A. The Plaintiff Had No Reason to Fear for Her Safety and Her Behavior Demonstrated She Had No Such Fear.

B. The Plaintiff Should Not Have Been Permitted to Use the Prevention of Domestic Violence Act to Gain an Advantage in the Upcoming Custody Matter (Not Argued Below).

IV. CONCLUSION: THE COURT ERRED IN ISSUING A FINAL RESTRAINING ORDER.

We affirm the issuance of a FRO to plaintiff substantially for the reasons expressed by Judge John J. Burke III in his March 6, 2019 oral and May 1, 2019 written decisions. We add the following comments.

Our scope of review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). When reviewing "a trial court's order entered following trial in a domestic violence matter, we grant substantial deference to the trial court's findings of fact and the legal conclusions based upon those findings." D.N. v. K.M., 429 N.J. Super. 592, 596 (App. Div. 2013) (citing Cesare, 154 N.J. at 411-12). Deference is particularly appropriate when the evidence is testimonial and involves credibility issues because the judge who observes the witnesses and hears their testimony obtains a perspective the

reviewing court does not enjoy. Pascale v. Pascale, 113 N.J. 20, 33 (1988) (citing Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)); see also Gnall v. Gnall, 222 N.J. 414, 428 (2015). We will not "disturb the 'factual findings and legal conclusions of the trial judge unless [we are] convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Cesare, 154 N.J. at 412 (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

The PDVA accords protection to victims of "domestic violence," a term which the Act defines "by referring to a list of predicate acts" enumerated in N.J.S.A. 2C:25-19(a). J.D. v. M.D.F., 207 N.J. 458, 473 (2011). Criminal trespass and harassment both constitute predicate acts of domestic violence. N.J.S.A. 2C:25-19(a)(12)-(13).

Before a FRO may issue, the court must engage in a two-prong analysis and make specific factual findings and legal conclusions. Silver, 387 N.J. Super. at 125-27. First, the court must determine, "in light of the previous history of violence between the parties," id. at 125 (quoting Cesare, 154 N.J. at 402), "whether the plaintiff has proven, by a preponderance of the credible evidence,

8

that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Ibid.

Upon finding the commission of a predicate act, the court must then determine if a restraining order is necessary to protect the plaintiff from future acts or threats of violence. Id. at 126-27. In other words, the court must find that "relief is necessary to prevent further abuse." J.D., 207 N.J. at 476 (quoting N.J.S.A. 2C:25-29(b)); see also Silver, 387 N.J. Super. at 127 (explaining that the court must find that a FRO is necessary to protect "the victim from an immediate danger or to prevent further abuse"). This second determination, like the first, "must be evaluated in light of the previous history of domestic violence between the plaintiff and defendant including previous threats, harassment and physical abuse," as well as "whether immediate danger to the person or property is present." Silver, 387 N.J. Super. at 124 (quoting Corrente v. Corrente, 281 N.J. Super. 243, 248 (App. Div. 1995) (citing N.J.S.A. 2C:25-29(a)(1)-(2))).

Judge Burke determined that defendant committed the predicate acts of harassment and criminal trespass. A person commits the offense of harassment "if, with purpose to harass another, he" or she:

> a. Makes, or causes to be made, a communication or communications anonymously or at extremely inconvenient hours, or in offensively coarse language, or any other manner likely to cause annoyance or alarm;

9

b. Subjects another to striking, kicking, shoving, or other offensive touching, or threatens to do so; or

c. Engages in any other course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy such other person.

[N.J.S.A. 2C:33-4.]

A "purpose to harass another" is a necessary element of harassment. See J.D., 207 N.J. at 487 (stating that, to find a party acted with purpose to harass, there must be "some evidence that the actor's conscious object was to alarm or annoy; mere awareness that someone might be alarmed or annoyed is insufficient"); State v. Hoffman, 149 N.J. 564, 577 (1997) (explaining that "[a] finding of a purpose to harass may be inferred from the evidence presented," then noting "[c]ommon sense and experience may inform that determination" (citations omitted)). We disagree with defendant's claim that the record does not support Judge Burke's finding that defendant committed the predicate act of harassment.

Pursuant to N.J.S.A. 2C:18-3(a), a person commits the fourth-degree crime of criminal trespass "if, knowing that he is not licensed or privileged to do so, he enters or surreptitiously remains in any" dwelling. Defendant further maintains the trial court erred in finding there was sufficient evidence to establish defendant committed an act of criminal trespass. We disagree.

10

Judge Burke's credibility determinations, factual findings, and legal conclusions are amply supported by substantial credible evidence in the record. Considering the totality of the circumstances, we conclude defendant's conduct rose above the level of "ordinary domestic contretemps." Corrente, 281 N.J. Super. at 250. The record supports the inference that defendant engaged in a "course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy" plaintiff in violation of N.J.S.A. 2C:33-4(c). The record likewise supports the determination that defendant committed an act of criminal trespass by his unauthorized entry into plaintiff's residence.

For similar reasons, we disagree with defendant's claim that the judge incorrectly concluded a FRO was necessary to protect plaintiff from further abuse. Since harassment is an enumerated predicate act of domestic violence, the need to prevent further harassment is sufficient to satisfy the second Silver prong. Further, because the judge was required to consider the totality of the circumstances when evaluating defendant's alleged harassing communications, he properly viewed defendant's conduct through the prism of the parties' relationship.

We are satisfied that the evidence supports the judge's finding that an FRO is necessary to provide protection for plaintiff "from an immediate danger or to

11

prevent further abuse." <u>Silver</u>, 387 N.J. Super. at 127 (citing N.J.S.A. 2C:25-29(b)). Defendant's incessant, unwanted communications and other conduct demonstrated a course of conduct seemingly immune from plaintiff's repeated requests that he not communicate or otherwise have contact with her. Accordingly, the second <u>Silver</u> prong was met.

Defendant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12